LOTTINGER, Judge.
This case involves the right of the State Bond Commission to sell $300,000 in bonds for the Madison Parish Port and $250,000 in bonds for the Lake Charles Harbor and Terminal District. Plaintiff s-appellants, Joseph Boudreaux and Jim S. Folk, allege that sale of the bonds is not authorized in accordance with Section 2 of Article 4 of the Louisiana Constitution. Defendant-ap-pellee contends that the sale of the bonds was properly authorized by Resolution No. 1 adopted by the Capital Outlay Budget Board on June 9, 1971 and Resolution No. 1 adopted by the State Bond Commission on November 23, 1971. The Lower Court rendered judgment in favor of defendant-appellee, Lake Charles Harbor and Terminal District and the Madison Parish Port, authorizing and empowering the State Bond Commission to offer for sale and sell the bonds.
Section 2 of Article IV of the Louisiana Constitution provides in pertinent part:
“Section 2. Except as otherwise provided herein, the Legislature shall have no power to contract directly or through any State Board or State Agency the in *879 curring of debt or the issuance of bonds involving the dedication of all or any part of the tax revenues imposed and collected by the state except upon the two-thirds vote of the elected membership of each of the Houses and then only if the funds are to be used to make capital improvements, repeal invasion or suppress insurrection. If the purpose is to make the capital improvements, the nature, approximate location and, if more than one project, the amount allocated to each and the order or priority shall be stated in the Act or in a capital budget otherwise adopted according to law. . ."
Act IS of 1969 was adopted pursuant to the above Constitutional provision, and authorized the issuance of bonds in the amount of $106,985,000 to finance numerous projects including Item (27) of Section 3 therein which reads as follows:
“Other Port and Water Resources and Bridge and Ferry Authorities Development Projects (provided, however, that prior approval for specific projects is obtained from the Capital Outlay Budget Board.).$3,000,000.”
Furthermore, Section 5 of Act 15 of 1969 created the Capital Outlay Budget Board for the express purpose of administering and implementing such projects as set forth above in Item (27).
On August 12, 1969, the Louisiana State Bond Commission adopted Resolution No. 3 creating, establishing, and authorizing an issue of $102,480,000 of general obligation bonds of the State of Louisiana.
On June 9, 1971, the Capital Outlay Budget Board adopted Resolution No. 1 which purported to “ratify, approve and confirm additional capital budget expenditures for the State of Louisiana for other port and water resources and bridge and ferry authorities development projects” as directed by Item (27) of Section 3 of Act 15 of 1969. This Resolution provided in pertinent part the following:
Project Approximate Location Expected Life (years) Bond Proceeds Allocated Under Item (27) of Act 15 of 1969
Madison Parish Port Madison Parish, Louisiana 40 $300,000
Lake Charles Harbor and Terminal District, construction of transit shed Calcasieu Parish, 250,000
CA8072]
On November 23, 1971, Resolution No. 1 was adopted by the State Bond Commission increasing the total of bonds authorized on August 12, 1969 from the original $102,480,000 to $103,030,000. This action was taken to provide $300,000 in bonds for the Madison Parish Port and $250,000 in bonds for the Lake Charles Harbor and Terminal District. The resolution, in pertinent part, provides:
“SECTION 3. The Bonds shall be issued to finance the projects in the amount and as described and authorized by Act 15 of 1969 and in Section 3, of Resolution No. 3 of August 12, 1969, together with the following projects, in the following amounts and with the expected life:
Project Expected Life Bond (Years) Proceeds
1. MADISON PARISH PORT Creating site for new industries on Mississippi River batture by earth-fill 40 $300,000
2. LAKE CHARLES HARBOR & TERMINAL DISTRICT Construction of transit shed and appurtenances thereto 40 250,000
Total $550,000"
In this amending resolution, it is expressly shown that the proceeds of the additional bonds authorized are to be deposited in the Capital Improvement Bond Fund, as is provided in Act 26 of the Leg *880 islature of Louisiana, Extraordinary Session of 1968, to be used solely for the purposes authorized by Item (27) of Section 3 of Act 15 of 1969.
It is plaintiff-appellants only contention that the bonds in question have not been authorized properly in accordance with law and are therefore unconstitutional in that neither Resolution No. 1 of the State Bond Commission adopted November 23, 1971 nor Resolution No. 1 of the Capital Outlay Budget Board adopted June 9, 1971 amount to a “capital budget otherwise adopted according to law” as contemplated by Article IV, Section 2 of the Louisiana Constitution wherein it provides that, “If the purpose is to make the capital improvements, the nature, approximate location and, if more than one project, the amount allocated to each and the order of priority shall be stated in the Act or in a capital budget otherwise adopted according to law . . . .”
The Louisiana Legislature adopted Act IS of 1969 which authorized the issuance of bonds, including $3,000,000 for “Other Port and Water Resources and Bridge and Ferry Authorities Development Projects .” and also created the Capital Outlay Budget Board to administer such projects. The creation of the Capital Outlay Budget Board by the Legislature was a delegation of its authority. The Capital Outlay Budget Board acted well within the province of its delegated authority in adopting the resolution in question. We find that said resolution represents a capital budget adopted according to law. Furthermore, R.S. 39:61 D(3) provides that “all capital outlay projects approved by the Legislature shall be made a part of the capital outlay budget.” The projects in question were approved by the Legislature through a delegation of authority to the Capital Outlay Budget Board. We also find proper the actions of the State Bond Commission in amending its Resolution No. 3 of August 12, 1969 by passing Resolution No. 1 of November 23, 1971 to raise the authorized amount of bonds by $550,000, to include the bonds in question.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by appellant.
Judgment affirmed.